UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BENJAMIN BOYD, et al., *on behalf of themselves and others similarly situated*,

                      Plaintiffs,

-v-

H.E. SHEIKH JASSIM BIN ABDULAZIZ AL-THANI and H.E. SHEIKHA AL MAYASSA BINT HAMAD AL-THANI,

                      Defendants.

18-CV-10698 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

The Court has been notified that the parties have reached a settlement of the Fair Labor Standards Act ("FLSA") claims asserted in this case, and they have submitted a proposed settlement for the Court's approval. (Dkt. No. 36-1.) The proposed settlement involves $150,000 to be allocated to Plaintiffs in connection with their FLSA claims. (*Id.* at 1.) One third of the settlement sum will be collected in attorney's fees and costs. (Dkt. No. 36 at 5.)

The Court has reviewed the terms of the proposed settlement and finds that they are fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203, 206 (2d Cir. 2015).[1]

---

[1] In addition to their FLSA claims, Plaintiffs have also asserted New York Labor Law ("NYLL") claims against Defendants in this action. (*See* Dkt. No. 1 ¶¶ 91–112.) Plaintiffs have received separate consideration for their agreement to dismiss these additional claims. (Dkt. No. 36 at 3 n.2.) Because there is no requirement that the Court approve the settlement of NYLL claims, the Court need not inquire into the fairness or reasonableness of this separate agreement, as long as it does not bear on the disposition of the FLSA claims. *See, e.g.*, *Gallardo v. PS Chicken Inc.*, 285 F. Supp. 3d 549, 553 (E.D.N.Y. 2018) ("[S]eparate settlement agreements of non-FLSA claims in a combined FLSA/non-FLSA action would not generally be subject to court approval, insofar as their terms concerned only the non-FLSA claims." (emphasis omitted)); *Ortiz v. Breadroll, LLC*, No. 16 Civ. 7998, 2017 WL 2079787, at *2 (S.D.N.Y. May 15, 2017); *Yunda v. SAFI-G, Inc.*, No. 15 Civ. 8861, 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017)

To that end, the proposed settlement at Docket Number 36-1 is approved, and the case is hereby DISMISSED WITH PREJUDICE. The Court shall retain jurisdiction solely to resolve any disputes arising from the settlement agreement and the settlement of this action.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: June 10, 2019
      New York, New York

                                                       J. PAUL OETKEN
                                          United States District Judge

---

("The fact that there may be provisions in the NYLL settlement agreement that could not be included in the FLSA settlement is immaterial because the NYLL settlement agreement does not require judicial approval.").